No. 552
TUFTS v. BORROR
Ohio Appeals, 2nd Dist., Franklin County
No. 1092. Decided June 23, 1924

559. FRAUDULENT CONVEYANCES—
1. Plaintiff in personal injury suit is not a creditor until claim is reduced to judgment.

2. In order to set aside a conveyance as being fraudulent, debtor must intend to defraud and grantee must have notice of such intention.

BY THE COURT.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to set aside an alleged fraudulent conveyance. Plaintiff, Tufts, recovered a judgment at the January term, 1922. The action was one in tort for damages. The conveyance in question was made by the judgment creditor to his nephew, Borror, December 28, 1921, which was a few days before the opening of the said term. The lower court rendered a decree for the defendant, whereupon Tufts appealed. In decreeing that the conveyance was not fraudulent, the Court of Appeals held:

1. In an action of tort for liquidated damages, the plaintiff is not a creditor until he reduces his claim to judgment.

As there was no question but that the conveyance was made for a consideration in order to avoid the conveyance it was necessary for plaintiff to prove that the judgment debtor intended to defraud the plaintiff and that the grantee had notice of the fraud at the time it was made, and as this does not appear to be so, it cannot be said that it was fraudulent.

Attorneys—Hays & Hays, for Tufts; D. C. Badger and D. B. Ulrey, for Borror; all of Columbus.

No. 553
GRABOSKI v. NOWAKOWSKI
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5232. Decided March 28, 1924

559. FRAUDULENT CONVEYANCE.—1. Where grantor is induced to sign deed while intoxicated, conveyance will be set aside, especially where it appears that grantor did not receive the reasonable value of the property.

VICKERY, P. J.

Epitomized Opinion
Published Only in Ohio Law Abstract

John Graboski and wife were joint owners of a piece of property, and Nowakowski and wife were the owners of another piece of property. Through the intervention of a real estate agent, these people entered into an agreement to trade properties. The Graboski property was worth about $6,000 and the Nowkowski property was worth $5,200. Graboski

and wife, while at Nowakowski's place, became intoxicated, or at least so they claim, and signed a purchase agreement exchanging these two properties. They also signed a deed. Later this action was brought by the Graboskis to set aside the conveyance. A day or two after these papers were signed the plaintiff went to the real estate agent's office and told him that he did not care to go ahead with the deal. Immediately thereafter the agent or escro, without any authority, put the deed given by plaintiffs to the defendants, on record. The evidence further showed that the deed from the defendants to plaintiffs was not received and was not ready for 17 days. In setting aside the conveyance, the Court of Appeals held:

1. In view of the haste of the real estate agent in putting the deed upon record before the whole transaction was completed causes us to conclude that there was such deception, fraud and bad faith on the part of the defendants as to give color to the theories advanced by the plaintiffs, that they were drunk at the time the agreement and deed were signed, and were sufficient to warrant setting aside of this conveyance.

Attorneys—Benjamin D. Zieve, for Graboski; John Balukonis, for Nowakowski; both of Cleveland.